UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAENSLEY MESIDOR,

Petitioner,

v. Case No.: 2:26-cv-02602-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

_____________________________________/

**OPINION AND ORDER**

Before the Court are Daensley Mesidor's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Mesidor is a 22-year-old native and citizen of Haiti who lawfully entered the United States on March 17, 2024, through the CBP One program. U.S. Customs and Border Protection (CBP) admitted him through March 17, 2026, commenced removal proceedings by issuing a notice to appear, and instructed him to apply for asylum or temporary protected status. Mesidor applied for asylum and received work authorization. He has no criminal history whatsoever. On August 11, 2026, the Polk County Sheriff's Office arrested Mesidor because of his immigration status and handed him over to Immigration and Customs Enforcement (ICE).

Mesidor claims his detention is unlawful because it has not been reviewed by an immigration judge. In response, the government confirms it will not conduct a bond hearing because it considers Mesidor an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). As the government acknowledges, its position is contrary to binding Eleventh Circuit precedence. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).

The Court turns to the merits of Mesidor's due process claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands."

*Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Mesidor's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). It is the government's position that Mesidor is subject to mandatory detention despite the absence of any special justification simply because it classifies him as an "arriving alien." Without some consideration of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Mesidor's continued detention. Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. Mesidor's detention serves neither purpose. He has done everything right. He lawfully entered the country with the government's express authorization and timely applied for asylum based on his fear of gang violence in his home country. With his asylum application pending, he has a plausible pathway to lawful residence and thus ample incentive to continue participating in his immigration case. The record is devoid of any evidence suggesting Mesidor is a flight risk. Nor is there evidence he is a danger to the community. There is no evidence Mesidor has any criminal history whatsoever.

For these reasons, the Court finds that the government violated Mesidor's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby

**ORDERED**:

Daensley Mesidor's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Mesidor and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 7, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record